PABÓN, DEMANDANTE Y APELANTE, *v.* LÓPEZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre filiación y otros extremos.

No. 2341.—Resuelto en julio 29, 1921.

DEFENSOR JUDICIAL—ALEGACIÓN DE CAPACIDAD DEL DEFENSOR JUDICIAL—PRESUNCIÓN.—Cuando en una demanda interpuesta por un defensor judicial a nombre de su defendido se alega un debido nombramiento, esto será suficiente para establecer su capacidad de tal, pues mientras no se demuestre lo contrario se presume que el nombramiento fué hecho legalmente.

ACCIÓN DE FILIACIÓN—INDEBIDA ACUMULACIÓN DE ACCIONES—INDEBIDA ACUMULACIÓN DE PARTES DEMANDADAS.—A la acción de filiación no pueden acumularse otras causas de acción contra personas que no sean miembros de la sucesión a que el demandante alega pertenecer, especialmente cuando se trata de reclamar derechos con respecto a distintas fincas y resulta que se hace partes a personas quienes no tienen ninguna relación con la acción de filiación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. L. Llorens Torres* y *P. Amado Rivera.*

Abogados de los apelados: *Sres. J. Sabater, B. Forés* y *F. Manuel Toro.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

A la demanda en este caso se opuso una excepción previa que fué declarada con lugar, por el fundamento de que el demandante no tenía capacidad para demandar y que existía una indebida acumulación de acciones y de partes demandadas.

Hemos resuelto en el caso de *Lucero et al.* v. *Herederos*

*de Vilá,* 17 D. P. R. 153 que no discutiremos la orden de una corte en que se nombra defensor judicial a una persona, y por tanto la demanda al alegar un debido nombramiento era suficiente.

La sentencia debe ser sostenida por el otro fundamento. El demandante acumuló a una acción de filiación una solicitud de declaratoria de herederos, una petición sobre nulidad de otra declaratoria de herederos, una acción para la cancelación de inscripciones en el registro a favor de ciertos demandados, una acción reivindicatoria y de daños y perjuicios. La teoría del apelante es que el derecho a cada una de las sucesivas causas de acción es la consecuencia lógica del primer derecho. Aún un hijo legítimo no podía acumular en la demanda de filiación todos los derechos de acción que como tal hijo legítimo tendría él contra otros que no fuesen parte de la sucesión a que dicho hijo pertenecía. La objeción de indebida acumulación de acciones se robustece por la acumulación de demandados. Se hace defender a partes que eran dueños o poseían la finca y que no tienen otro interés en el pleito de filiación que no sea el de que una acción favorable lo sujetara a una reclamación por dicha finca para no insistir en el hecho de que varias fincas en las cuales diferentes personas tienen interés están envueltas en este litigio. No sólo hay una pretendida reivindicación de una finca sino también otra finca hipotecada y arrendada respecto a la cual el demandante solicita nulidades.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison disintió.